**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000677
01-DEC-2022
11:50 AM
Dkt. 48 SO**

NO. CAAP-21-0000677

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MS, Plaintiff-Appellant,
v.
PP, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3DV201000029)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and Chan, JJ.)

Self-represented Plaintiff-Appellant MS (**Mother**) appeals from the "Decree Granting Absolute Divorce" (**Divorce Decree**) entered by the Family Court of the Third Circuit on November 9, 2021.[1]  For the reasons explained below, we affirm.

Mother was married to Defendant-Appellee PP (**Father**). They have four minor **Children**.  Mother filed for divorce in 2020. A trial was held.  The family court entered findings of fact, conclusions of law, and a decision on September 27, 2021.  The court decided (among other things):

---

[1]   The Honorable Jeffrey A. Hawk presided.

> 2.    [Father] is awarded sole legal and physical custody of the minor children, subject to Defendant's [sic] rights of reasonable visitation as set forth above.[2]
>
> . . . .
>
> 7.    Counsel for [Mother] shall prepare a Divorce Decree consistent with these findings, conclusions, and decision.

Then-counsel for Mother submitted a proposed divorce decree.  Father filed objections and an alternative proposed divorce decree.  The Divorce Decree was entered on November 9, 2021.  The family court used Mother's form of the divorce decree, but made the following changes:

> 3.    <u>Custody of Minor Children.</u>
>
> a)    Legal Custody.  [Father] is awarded sole legal custody of the minor children of the parties.  ~~[Father] shall give [Mother] 30 days' advance notice prior to making any major decision involving the children.~~  *JAH*
>
> b)    Physical custody.  [Father] is awarded sole physical custody of the minor children of the parties[.]
>
> c)    ~~For so long as any child is a minor, the custodial parent shall keep the non-custodial parent informed of the children's residence address.~~  *JAH*

The strikeouts were initialed by the family court judge.

Mother, representing herself, filed a timely notice of appeal.  She obtained an extension of time to file the opening brief, but failed to meet the extended deadline.  Mother requested a second extension of time.  We extended the deadline to May 9, 2022.  Mother again failed to meet the deadline.  A "Default of Opening Brief" was entered on May 10, 2022.  Mother filed her opening brief on May 18, 2022, without first setting aside the default or obtaining another extension of time.

---

[2]    The family court had previously concluded:

> 10.    Despite the anxiety of the children, the Court concludes that **Mother** shall be awarded visitation with the minor children as therapeutically driven by the children's therapists.

(Emphasis added.)

Mother's opening brief did not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b), and was not signed by Mother (as required by HRAP Rule 32(d)).[3]

(1)    Father requests dismissal of Mother's appeal. However, the Hawaiʻi Supreme Court instructs that self-represented litigants should not be foreclosed from appellate review "because of failure to conform to requirements of the procedural rules." Erum v. Llego, 147 Hawaiʻi 368, 381, 465 P.3d 815, 828 (2020) (citing Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004)).  Under the circumstances, we decline to dismiss Mother's appeal.  We address Mother's arguments to the extent they can be discerned, because Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Morgan, 104 Hawaiʻi at 180-81, 86 P.3d at 989-90 (citing O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

(2)    Mother argues that the family court violated her procedural and substantive due process rights by sua sponte striking provisions from sections 3(a) and 3(c) of her proposed divorce decree.  After a trial, the family court entered findings of fact, conclusions of law, and a decision, and ordered that Mother's then-counsel submit a proposed divorce decree.  Mother's former counsel complied.  Father objected and filed his own proposed divorce decree.  The family court accepted Mother's proposed decree, but struck provisions that were inconsistent with the family court's findings, conclusions, and decision.  The family court was authorized to do so under Rule 23 of the Rules of the Circuit Courts of the State of Hawaiʻi.  The family court did not violate Mother's procedural or substantive due process rights.

---

[3]    Mother also filed a reply brief after the applicable deadline without first obtaining an extension of time or leave for the late filing. See HRAP Rule 28(d).

**(3)** Mother argues that the Divorce Decree improperly terminated her parental rights under Hawaiʻi Revised Statutes (**HRS**) § 571-61. The proceeding below was not initiated by a verified petition filed pursuant to HRS § 571-61(b)(3).[4] Mother initiated the proceeding by filing for a divorce. In divorce cases the family court is authorized to decide child custody, visitation, and support under HRS § 571-46. "Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change[.]" HRS § 571-46(a)(6) (2018). The family court did not terminate Mother's parental rights.

**(4)** Mother argues that the family court erred by awarding sole legal and physical custody of Children to Father.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

HRS § 571-46 (2018) sets forth the criteria and procedure for awarding child custody and visitation. The family court must make a custody decision "according to the best interests of the child[.]" HRS § 571-46(a)(1). When determining what constitutes "the best interest of the child" the family court must consider the sixteen factors set forth in HRS § 571-46(b). No single factor is given presumptive weight. Fisher,

---

4  HRS § 571-61(b)(3) (2018) provides, in relevant part:

In respect to any proceedings under paragraphs (1) and (2), the authority to terminate parental rights may be exercised by the court only when a verified petition, substantially in the form above prescribed, has been filed by some responsible adult person on behalf of the child in the family court of the circuit in which the parent resides or the child resides or was born and the court has conducted a hearing of the petition.

111 Hawaiʻi at 50, 137 P.3d at 364. The family court weighed all sixteen of the factors in this case in conclusion of law no. 8. The family court then concluded:

> 9. Considering all of those factors, and the evidence and arguments presented by the parties, the Court concludes that Father has provided the bulk of the care for the children for the past 19 months, that the care he has provided is nurturing and appropriate and that Father is better situated to continue to provide care for the children. Based on the testimony of the guardian ad litem in this case, it appears that the relationship with Mother is damaged and that the children cannot safely return to Mother at this point. The Court further concludes that because of the level of conflict between the parties the best interests of the children will be served by awarding Father sole legal and physical custody of the children.

Conclusions of law nos. 8 and 9 actually present mixed questions of fact and law, which we review under the "clearly erroneous" standard because the family court's conclusions are dependent on the facts and circumstances of each individual case. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A conclusion of law that is supported by the family court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id.

Mother argues that the credibility of the witnesses and the evidence presented at trial should have been weighed in her favor, rather than in favor of Father. However, "it is not the province of the appellate court to reassess the credibility of witnesses or the weight of the evidence, as determined by the family court[.]" Fisher, 111 Hawaiʻi at 51, 137 P.3d at 365 (citing In re Doe, 95 Hawaiʻi 183, 197, 20 P.3d 616, 630 (2001)). The family court's findings of fact were supported by substantial evidence, and are not clearly erroneous. The family court's conclusions of law reflect an application of the correct rule of law, HRS § 571-46(b). The family court did not err by awarding sole legal and physical custody of Children to Father.

(5) We decline to consider the arguments made for the first time in Mother's reply brief. In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994) (holding

that arguments raised for the first time in the reply brief on appeal were deemed waived).

For the foregoing reasons, the "Decree Granting Absolute Divorce" entered by the family court on November 9, 2021, is affirmed.

DATED: Honolulu, Hawai'i, December 1, 2022.

On the briefs:

MS,
Self-represented Plaintiff-
Appellant.

William Dean,
for Defendant-Appellee PP.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge